UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| CATHY ESTRELLA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | 1:25-cv-00250-SDN |
| PNF REALTY, INC., and PETER N. FLOROS, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## OMNIBUS ORDER

Plaintiff Cathy Estrella obtained a loan from PNF Realty, Inc. ("PNF") for improvements to her 1 Bayview Drive, Eastport, Maine, property (the "Property"), which she also used as collateral for the loan. After Ms. Estrella defaulted, PNF foreclosed and purchased the Property. Ms. Estrella subsequently sued PNF and its director, Peter N. Floros (collectively, the "Defendants"), alleging various state and federal law violations.

Currently before the Court are three matters: (1) Defendants' Motion to Dismiss, ECF No. 15; (2) Ms. Estrella's Motion for Reconsideration of the Court's denial of injunctive relief, ECF No. 19; and (3) Ms. Estrella's Motion for Judicial Grace and Procedural Leniency, ECF No. 20. In her opposition to the motion to dismiss, Ms. Estrella also seeks leave to amend her complaint should the Court find her current pleadings insufficient. ECF No. 18.

For the reasons stated below, the Court **DENIES** Ms. Estrella's motions, ECF Nos. 19, 20; **GRANTS IN PART**, **DENIES IN PART**, and **RESERVES RULING IN PART** on Defendants' motion to dismiss, ECF No. 15; and **GRANTS IN PART** and **DENIES**

**IN PART** Ms. Estrella's leave to amend her complaint subject to the conditions set forth in this Order.

## I.    Procedural and Factual Background

Because Ms. Estrella is self-represented, the Court construes her pleadings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). On May 19, 2025, Ms. Estrella initiated this pro se action against PNF and Mr. Floros, alleging ten counts:[1] (1) Truth in Lending Act violations; (2) unlicensed mortgage lending in violation of federal and state laws; (3) predatory lending and deceptive practices; (4) fraud and fraudulent misrepresentation; (5) unjust enrichment; (6) declaratory and injunctive relief; (7) fraudulent transfer related to an alleged self-dealing foreclosure; (8) civil conspiracy to defraud; (9) Fair Debt Collection Practices Act violations; and (10) imposition of a constructive trust. ECF No. 1. Defendants moved to dismiss all counts. ECF No. 15. On August 14, 2025, the Court denied Ms. Estrella's request for a temporary restraining order ("TRO") to prevent the sale of the Property. ECF No. 17. Three days later, Ms. Estrella filed a motion for reconsideration of that denial, ECF No. 19, and sought general "Judicial Grace" regarding her procedural obligations, ECF No. 20. This Order incorporates by reference the factual background set forth in the Court's previous Order. *See* ECF No. 17 at 1–4.

---

[1] In addition to her complaint, Ms. Estrella contemporaneously submitted a purported memorandum of law. *See* ECF No. 1-8. The memorandum fails to comply with the "short and plain statement" requirements of Federal Rule of Civil Procedure 8 or the formatting requirements of Rule 10. *See* Fed. R. Civ. P. 8, 10. While a pro se litigant's filings are construed liberally, they must still meet minimum pleading standards. *See F.D.I.C. v. Anchor Props.*, 13 F.3d 27, 31 (1st Cir. 1994). Consequently, this Order addresses only the counts specifically enumerated in the complaint and strikes Ms. Estrella's supplemental memorandum. ECF No. 1-8; *see* Fed. R. Civ. P. 12(f)(1) (a court may strike material "on its own"); *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017) ("Federal courts possess certain inherent powers, not conferred by rule or statute, to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." (internal citation omitted)).

## II.    Ms. Estrella's Pending Motions

### A. Motion for Judicial Grace and Procedural Leniency

Ms. Estrella requests the Court account for her status as a disabled veteran and caregiver when evaluating her technical compliance with federal rules. ECF No. 20 at 1–2. While the Court is mindful of Ms. Estrella's circumstances, she fails to identify specific deadlines or rules for which she currently requires relief. The Court cannot grant a blanket waiver of the Federal Rules of Civil Procedure. If Ms. Estrella requires a specific accommodation or extension, she must file a motion detailing her particular need. Accordingly, the Motion for Judicial Grace and Procedural Leniency, ECF No. 20, is **DENIED**.

### B. Motion for Reconsideration

Ms. Estrella next asks the Court to reconsider denying her TRO motion. *See* ECF Nos. 17, 19. Under Maine Local Rule 7, a motion to reconsider an interlocutory order of the court "must demonstrate that the order was based on a manifest error of fact or law." Me. Loc. R. 7(f)(1). Reconsideration is appropriate only when "the court made manifest error of fact or law," there has been intervening change in the law, or there is newly discovered evidence. *Lakshman v. Univ. of Me. Sys.*, 338 F. Supp. 2d 162, 164 (D. Me. 2004). For evidence to be newly discovered, it must not have been previously available to the movant. *See Palmer v. Champion Mortg.*, 465 F.3d 24, 30 (1st Cir. 2006).

Here, Ms. Estrella points to no error of fact or law, nor to any intervening change in the law. Instead, she premises her motion for reconsideration on "new and previously not-submitted evidence." ECF No. 19 at 1. Ms. Estrella maintains this alleged "[n]ew evidence establishes consumer/residential purpose and lender-driven LLC coercion." *Id.* at 2. While Ms. Estrella labels the evidence as new, the submitted exhibits contain no

information that was not already available to her when she first filed the TRO motion. Therefore, Ms. Estrella's "additional evidence was merely newly proffered, not newly discovered," *Bennett v. Saint-Gobain Corp.*, 507 F.3d 23, 34 (1st Cir. 2007), and newly proffered evidence "hardly qualifies as newly discovered evidence," *Rodriguez v. Fullerton Tires Corp.*, 115 F.3d 81, 86 (1st Cir. 1997). Accordingly, for the reasons the Court previously provided in its Order denying the TRO, ECF No. 17, the Court **DENIES** Ms. Estrella's motion for reconsideration, ECF No. 19.

## III.    The Defendants' Motion to Dismiss

Defendants seek dismissal of Ms. Estrella's complaint pursuant to both Rules 12(b)(6) and 12(b)(7) of the Federal Rules of Civil Procedure.[2] *See* ECF Nos. 15, 16. In her response, Ms. Estrella maintains she has properly pleaded all claims but alternatively requests leave to file an amended complaint to address any deficiencies. ECF No. 18 at 5. For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Ms. Estrella's request for leave to amend; and it **GRANTS IN PART**, **DENIES IN PART**, and **RESERVES RULING IN PART** on the Defendants' motion to dismiss.

---

[2] Ordinarily, in deciding a motion to dismiss, the Court may only consider documents attached to the complaint or those expressly incorporated therein. *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993). However, the Court can consider "documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint." *Id.* Defendants request the Court consider the warranty deed from Ms. Estrella to 1 Bayview LLC, the commercial warranty deed and promissory note from 1 Bayview LLC to PNF, and the commitment letter. *See* ECF Nos. 16 at 17–18, 16-1 to 16-4. Ms. Estrella did not object to the Defendants' request, nor did she dispute the authenticity of any of the documents. Furthermore, Ms. Estrella either sufficiently references the documents in her complaint or must rely on them to state her claim. As such, the Court may properly consider the documents in their entirety as part of the motion to dismiss. *Beddall v. State St. Bank & Tr. Co.*, 137 F.3d 12, 17 (1st Cir. 1998) ("When, as now, a complaint's factual allegations are expressly linked to—and admittedly dependent upon—a document (the authenticity of which is not challenged), that document effectively merges into the pleadings and the trial court can review it in deciding a motion to dismiss under Rule 12(b)(6).").

## A. Request for Leave to Amend

Federal Rule of Civil Procedure 15(a)(2) instructs courts to freely give leave to amend "when justice so requires," absent an apparent reason, such as futility. Fed. R. Civ. P. 15(a)(2); *see Rife v. One W. Bank, F.S.B.*, 873 F.3d 17, 20–21 (1st Cir. 2017) (per curiam). "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *Rife*, 873 F.3d at 21 (quoting *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996)). Under Rule 15, which "reflects a liberal amendment policy," courts enjoy "significant latitude in deciding whether to grant leave to amend." *ACA Fin. Guar. Corp. v. Advest, Inc.*, 512 F.3d 46, 55 (1st Cir. 2008) (internal citation omitted). In light of the policy favoring amendment, and for the reasons explained below, the Court **GRANTS** Ms. Estrella leave to amend her complaint as to Counts III, IV, V, VI, VIII, IX, and X; **DENIES** leave to amend Count VII as futile; and **GRANTS IN PART** and **DENIES IN PART** leave to amend as to Counts I and II. The Court further **GRANTS** leave to amend to cure the deficiencies outlined below as to Mr. Floros and joinder of 1 Bayview LLC.

Moreover, because Ms. Estrella is proceeding in forma pauperis, any amended complaint will be subject to the Court's screening authority under 28 U.S.C. § 1915(e)(2)(B), which mandates the dismissal of any count that fails to state a claim for relief. Should any claims suffer from the same legal deficiencies identified in this Order, the Court may sua sponte dismiss those counts or permit Defendants to renew their motion to dismiss by filing a simple notice of renewal rather than a new memorandum of law.

**B. Rule 12(b)(6)**

The Defendants first seek to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to plausibly state a claim for relief against either PNF or Mr. Floros. ECF No. 15 at 1. In evaluating the motion, the Court accepts all factual allegations as true and draws all reasonable inferences in the Plaintiff's favor. *Langadinos v. Am. Airlines, Inc.*, 199 F.3d 68, 69 (1st Cir. 2000). To survive dismissal, a complaint must offer more than an "unadorned, the-defendant unlawfully-harmed-me accusation," *Gianfrancesco v. Town of Wrentham*, 712 F.3d 634, 639 (1st Cir. 2013) (internal citation omitted), legal labels, conclusions, or a "formulaic recitation of the elements of a cause of action*," Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Courts employ a two-step inquiry to resolve Rule 12(b)(6) motions. *Cardigan Mountain Sch. v. N.H. Ins. Co.*, 787 F.3d 82, 84 (1st Cir. 2015). First, the Court must "isolate and ignore statements in the complaint that simply offer legal labels and conclusions." *Schatz v. Republican State Leadership Comm.*, 669 F.3d 50, 55 (1st Cir. 2012). Second, it must "take the complaint's well-pled (i.e., non-conclusory, non-speculative) facts as true, drawing all reasonable inferences in the pleader's favor, and see if they plausibly narrate a claim for relief." *Id.* (quotation modified). Plausibility requires "something more than merely possible or merely consistent with a defendant's liability." *Germanowski v. Harris*, 854 F.3d 68, 71–72 (1st Cir. 2017) (quotation modified).

Because Ms. Estrella is proceeding pro se, the Court applies a less stringent standard to her pleadings. *Erickson*, 551 U.S. at 94. However, this leniency does not require the court to "conjure up unpled allegations" or "rewrite a petition to include claims that were never presented." *Viera v. De Souza*, 22 F.4th 304, 311 (1st Cir. 2022) (quotations modified). The complaint must still provide fair notice of the claims and "the

grounds upon which they rest." *Norton v. Biden*, No. 1:22-cv-00274, 2022 WL 4376923, at *1 (D. Me. Sept. 22, 2022), *report & recommendation adopted*, 2022 WL 4585747 (D. Me. Sept. 29, 2022).

### 1.    *Mr. Floros*

Defendants seek to dismiss Mr. Floros because Ms. Estrella fails to plead any basis for personal liability independent from PNF. ECF No. 16 at 6. Ms. Estrella contends Mr. Floros "directed or participated in the scheme and used related entities to acquire the foreclosed property at a grossly inadequate price" making it "sufficient at this stage to keep him in." ECF No. 18 at 4. Because this Court grants Ms. Estrella leave to amend her complaint, it **RESERVES RULING** on whether Mr. Floros is a proper party. However, the amended complaint must allege non-conclusory factual allegations supporting personal liability to avoid his dismissal.

### 2.    *Truth in Lending Act (Count I)*

Ms. Estrella alleges Defendants violated the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.*, by requiring the formation of an LLC to evade TILA disclosure requirements. ECF No. 1 at 5–6. She seeks damages and rescission. *Id*. at 6. Defendants argue the damages claim is untimely and the rescission claim is legally insufficient. ECF No. 16 at 7.

TILA "has the broad purpose of promoting 'the informed use of credit' by assuring 'meaningful disclosure of credit terms' to consumers." *Ford Motor Credit Co. v. Milhollin*, 444 U.S. 555, 559 (1980) (quoting 15 U.S.C. § 1601). TILA requires creditors to provide borrowers with "clear and accurate disclosures of terms dealing with things like finance charges, annual percentage rates of interest, and the borrower's rights." *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412 (1998). If a creditor fails to make the required disclosures,

the debtor can sue for damages. *See* 15 U.S.C. § 1640(a). In a consumer credit transaction where a creditor retains or acquires a security interest on a debtor's principal dwelling (i.e., a residential mortgage transaction), the debtor also has the right to demand the creditor rescind the transaction "until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this subchapter, whichever is later." *Id.* § 1635(a). If the creditor does not so rescind the mortgage within twenty days of the demand, "the debtor can bring suit in federal court to enforce her right of rescission." *Belini v. Wash. Mut. Bank, FA*, 412 F.3d 17, 20 (1st Cir. 2005) (citing 15 U.S.C. § 1635(b)).

TILA damages claims must be brought within one year of the violation and the right of rescission expires after three years. 15 U.S.C. §§ 1635(f), 1640(e). Equitable tolling may apply to damages where "a plaintiff, in the exercise of reasonable diligence, could not have discovered information essential to the suit." *Gonzalez v. United States*, 284 F.3d 281, 291 (1st Cir. 2002). If tolling is based on fraudulent concealment, it must be pled with particularity under Federal Rule of Civil Procedure 9(b). *See Winne v. Nat'l Collegiate Student Loan Tr. 2005-1*, No. 1:16-cv-00229, 2017 WL 117130, at *2 (D. Me. Jan. 11, 2017); Fed. R. Civ. P 9(b).

Because Ms. Estrella commenced this action approximately two and a half years after consummation of the loan, her damages claim is time-barred absent equitable tolling. Ms. Estrella contends equitable tolling is appropriate where, as here, Defendants' "conduct obscures claim accrual or where a pro se litigant diligently pursues rights amidst misleading conduct and ongoing negotiations," but she provides no legal authority in support of her proposition. ECF No. 18 at 5. She alleges tolling should apply here because

of Defendants' "scheme," ECF No. 18 at 5, to mischaracterize the loan as a commercial transaction in a "strategic attempt to evade TILA's disclosure requirements," ECF No. 1 at 5. This bare reference to Defendants' alleged fraudulent behavior cannot save Ms. Estrella's TILA claim because she fails to allege reasonable diligence to discover the purported fraud within the one-year period, rendering her TILA damages claim untimely.

Regarding rescission, Ms. Estrella contends she is entitled to rescind the loan because Defendants did not supply the required disclosures. ECF No. 1 at 6. To state a viable claim for TILA rescission, the consumer credit transaction at issue must concern a security interest in property that "is used as the principal dwelling of the person to whom credit is extended." 15 U.S.C. § 1635(a); *see id*. § 1603(1) (TILA does not apply to "[c]redit transactions involving extensions of credit primarily for business, commercial, or agricultural purposes"). The complaint concedes, however, that Ms. Estrella intended the Property to be her primary retirement residence in the future. ECF No. 1 at 2. Because the Property was not Ms. Estrella's principal dwelling at the time of the transaction, she has no claim for rescission. *See Whitby v. Lime Fin. Servs., Ltd*., No. 09-cv-01565, 2009 WL 4016634, at *3 (D. Colo. Nov. 18, 2009) (intent to use property as primary residence in the future is insufficient under TILA); *Taylor v. Countrywide Home Loans*, No. 08-cv-13258, 2010 WL 750215, at *7 (E.D. Mich. Mar. 3, 2010) ("[I]f a transaction is not secured by the borrower's principal dwelling, the transaction is not covered under TILA.").

Therefore, the motion to dismiss Count I is **GRANTED** as to Ms. Estrella's TILA rescission claim, and it is **DENIED WITHOUT PREJUDICE** as to her TILA damages claim. Ms. Estrella is **DENIED** leave to amend her TILA rescission claim, and she is **GRANTED** leave to amend her TILA damages claim to allege facts supporting equitable tolling.

### 3.    Unlicensed Mortgage Lending (Count II)

Ms. Estrella alleges Defendants violated Maine consumer credit laws, 9-A M.R.S. § 2-301, and the federal Secure and Fair Enforcement for Mortgage Licensing Act ("SAFE Act"), 12 U.S.C. § 5103, by conducting mortgage lending and servicing in Maine without the necessary licenses. ECF No. 1 at 7–9. She seeks declaratory and injunctive relief, restitution for all payments made under the void mortgage agreement, compensation for additional damages incurred, and attorney's fees and costs. *Id.* at 8. Defendants argue Ms. Estrella's claims under Section 2-301 are time-barred and, even if they were timely, she fails to plausibly allege the applicability of the statute to PNF or its actions in this matter; they also contend the SAFE Act contains no private cause of action. ECF No. 16 at 9–10.

Section 2-301 permits only licensed lenders to make supervised loans. *See Reagan v. Racal Mortg., Inc.*, 135 F.3d 37, 39 (1st Cir. 1998). Ms. Estrella alleges PNF is unlicensed, but her conclusory allegations lack factual support. *See Young v. Wells Fargo, N.A.*, 717 F.3d 224, 231 (1st Cir. 2013) ("In evaluating the sufficiency of the complaint, we first disregard all conclusory allegations that merely parrot the relevant legal standard."). Critically, she fails to show how Maine's consumer credit laws apply to a loan nominally issued to an LLC. The statute defines "[c]onsumer" as a "natural person" to whom consumer credit is offered. 9-A M.R.S. § 1-301(10). Accordingly, Ms. Estrella is **GRANTED** leave to amend to allege facts establishing this was a consumer transaction rather than a commercial one. As such, the Court **DENIES WITHOUT PREJUDICE** Defendants' motion to dismiss Ms. Estrella's claim for unlicensed mortgage lending in violation of 9-A M.R.S. § 2-301.

Regarding the SAFE Act, the statute vests enforcement authority in the Consumer Financial Protection Bureau; there is no private cause of action for individual litigants.

*Sharma v. Cole, Tr. of Cnty. Mortg. Tr.*, No. CV 23-12135, 2023 WL 7332899, at *4 (D. Mass. Nov. 7, 2023), *aff'd*, No. 23-1971, 2025 WL 1556299 (1st Cir. Jan. 27, 2025) ("[U]nder the SAFE Act, there is no private cause of action under that statute . . . ."). Accordingly, the Defendants' motion to dismiss the SAFE Act claim is **GRANTED** without leave to amend.

### 4.    *Predatory Lending and Deceptive Practices (Count III)*

Ms. Estrella claims Defendants engaged in predatory lending and deceptive practices in violation of common law and federal public policy. *See* ECF No. 1 at 9. Defendants challenge[3] this count, asserting Ms. Estrella fails to identify a cause of action asserted under any specific statute or common law theory. ECF No. 16 at 10–11. Ms. Estrella relies on generalized allegations of unfairness without citing a supporting legal framework. Absent a specific statutory or common law right, she fails to state a viable claim. *See, e.g.*, *Hambrick v. Bear Stearns Residential Mortg.*, No. 07CV258, 2008 WL 5132047, at *2 (N.D. Miss. Dec. 5, 2008) (dismissing predatory lending count because plaintiff did not cite any applicable law or cause of action); *Vissuet v. Indymac Mortg. Servs.*, No. 09-cv-2321, 2010 WL 1031013, at *3 (S.D. Cal. Mar. 19, 2010) (dismissing with leave to amend when cause of action "left [Defendants] to guess whether this cause of action is based on an alleged violation of federal law, state law, common law, or some combination of the above"). Accordingly, Ms. Estrella is **GRANTED** leave to amend to include a viable cause of action and supporting factual allegations, and Defendants' motion to dismiss Count III is **DENIED WITHOUT PREJUDICE**.

---

[3] Defendants seek dismissal of Count III for failure to state a claim and, alternatively, move for a more definite statement under Rule 12(e) of the Federal Rules of Civil Procedure. ECF No. 16 at 11. Because the Court concludes Ms. Estrella fails to state plausible claims for relief and grants her leave to file an amended complaint, it need not address Defendants' Rule 12(e) motion.

5.    *Fraud and Fraudulent Misrepresentation (Count IV) and Civil Conspiracy to Defraud (Count VIII)*

Count IV asserts claims for fraud and fraudulent misrepresentation, and Count VIII alleges civil conspiracy to defraud. ECF No. 1 at 10–12, 17–18. Both rely on the Defendants' alleged "deceptive lending scheme" underlying the foreclosure. *See id.* at 10, 17. Defendants contend both counts must fail because Ms. Estrella has not adequately pleaded fraud, fraudulent misrepresentation, nor conspiracy to defraud. *See* ECF No. 16 at 11–13, 16.

Under Federal Rule of Civil Procedure 9(b), claims of fraud and conspiracy must be pleaded with particularity, specifically identifying the "time, place and content of an alleged false representation." *Going v. Laprel*, No. 2:14-cv-00031, 2014 WL 6389561, at *3 (D. Me. Nov. 14, 2014) (quoting *Murtagh v. St. Mary's Reg'l Health Ctr.*, No. 1:12-cv-00160, 2013 WL 5348607, at *6 (D. Me. Sept. 23, 2013)). Although Ms. Estrella is held to a less stringent standard than represented parties, she is not "relieved of [her] duty to plead claims with an appropriate degree of specificity." *Id.*

Under Maine law,[4] the essential elements of fraud or fraudulent misrepresentation are: (1) a false representation; (2) of a material fact; (3) with knowledge of its falsity or in reckless disregard for the truth; (4) for the purpose of inducing reliance upon it; and (5) justifiable reliance and injurious action upon the representation as true. *Flaherty v. Muther*, 2011 ME 32, ¶ 45, 17 A.3d 640, 654. To the extent Ms. Estrella bases her fraud and fraudulent misrepresentation claims on the SAFE Act and 9-A M.R.S. § 2-301, the Court has already addressed those claims. The remainder of her argument for fraud and

---

[4] When sitting in diversity, federal courts apply the substantive law of the forum state. *Priv. Cap. Fund LLC v. Begg*, No. 2:21-cv-00090, 2021 WL 3422371, at *3 (D. Me. Aug. 5, 2021).

fraudulent misrepresentation consists of conclusory allegations and, seemingly, an attempt to assert Defendants violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, *et seq.*

Ms. Estrella does not allege facts identifying a specific false statement or the nature of the alleged coercion related to Defendants' purported deceptive lending scheme. *See* ECF No. 1 at 10; *see, e.g.*, *Outek Caribbean Distribs., Inc. v. Echo, Inc.*, 206 F. Supp. 2d 263, 267 (D.P.R. 2002) ("Mere inequality of bargaining power between two sides will not be enough to render a contract unenforceable."); *Sander v. Alexander Richardson Invs.*, 334 F.3d 712, 720 (8th Cir. 2003) ("It is not enough to assert that one party was less sophisticated than the other. There must be some evidence that the party holding the superior bargaining power exerted that power in overreaching the less sophisticated party by, for example, engaging in fraud or coercion . . . ."). Furthermore, mere averments to "plans and schemes are too conclusional to satisfy the particularity requirement." *Hayduk v. Lanna*, 775 F.2d 441, 444 (1st Cir. 1985).

Regarding the RICO allegations, Ms. Estrella fails to identify related predicate acts or demonstrate a threat of continued criminal activity. *See* ECF No. 1 at 12; *see, e.g., Old Town Util. & Tech. Park, LLC v. Consol. Edison, Sols., Inc.*, No. 2:19-cv-00029, 2019 WL 4784603, at *4 (D. Me. Sept. 30, 2019) (dismissing RICO charges because "complaint fails to allege a pattern of racketeering"); *see also Efron v. Embassy Suites (P.R.) Inc.*, 223 F.3d 12, 15 (1st Cir. 2000).

Ms. Estrella's civil conspiracy to defraud claim similarly fails because it relies on bare assertions of "coordinated actions" without supporting facts. *See Lanna*, 775 F.2d at 444 (holding conspiracy allegations without factual context are "conclusional accusation[s]" prohibited by Rule 9(b)).

Accordingly, Ms. Estrella has not pleaded facts sufficient to state a claim for fraud, fraudulent misrepresentation, or civil conspiracy to defraud under the general pleading standard of Rule 8, much less the heightened particularity requirement of Rule 9. As such, Ms. Estrella is **GRANTED** leave to amend Counts IV and VIII to meet the Rule 9(b) pleading standard, and Defendants' motion to dismiss is **DENIED WITHOUT PREJUDICE** as to these counts.

### 6.    *Unjust Enrichment (Count V)*

Next, Ms. Estrella alleges unjust enrichment, claiming Defendants collected payments on an unlawful and void mortgage, foreclosed without the proper legal authority, and retained possession of the Property and/or proceeds from its illegal sale. ECF No. 1 at 12–14. Defendants argue these claims are conclusory reiterations of her defective SAFE Act and 9-A M.R.S. § 2-301 arguments. ECF No. 16 at 13.

"In a diversity case, the sufficiency of the unjust enrichment claims is a question of substantive law governed by the law of the forum state." *In re Light Cigarettes Mktg. Sales Pracs. Litig.*, 751 F. Supp. 2d 183, 189 (D. Me. 2010). Under Maine law, unjust enrichment allows for "recovery for the value of the benefit retained when there is no contractual relationship, and the existence of a contractual relationship precludes recovery on a theory of unjust enrichment." *Stine v. Bank of Am., N.A.*, No. 2:16-cv-109, 2016 WL 5135607, at *5 (D. Me. Sept. 21, 2016) (quoting *Nadeau v. Pitman*, 1999 ME 104, ¶ 14, 731 A.2d 863, 866–67) (quotation modified). As such, because the parties are governed by a contractual loan agreement, Ms. Estrella cannot recover under a theory of unjust enrichment. *See Lev esque v. Iberdrola, S.A.*, No. 2:19-cv-00389, 2021 WL 3476092, at *12 (D. Me. Aug. 6, 2021). Accordingly, the Court **GRANTS** Ms. Estrella leave to amend Count V to allege an invalid contract loan to support her claim for unjust

enrichment, and Defendants' motion to dismiss this count is **DENIED WITHOUT PREJUDICE**.

### 7.    *Declaratory and Injunctive Relief (Count VI)*

Ms. Estrella also seeks relief[5] under the federal Declaratory Judgment Act, 28 U.S.C. § 2201, asking the Court to declare the mortgage and foreclosure void. ECF No. 1 at 14–15. She contends "[b]ecause the mortgage was void from inception, Defendants never had a legitimate security interest in the Property," thereby making "[a]ny foreclosure deed or transfer of title . . . legally ineffective." *Id*. at 15. Defendants dispute the propriety of awarding declaratory relief, claiming Ms. Estrella's "[c]omplaint provides no explanation for how a declaratory judgment would conclusively resolve the dispute," nor does it "allege facts to make out the required elements of a viable claim for declaratory judgment." ECF No. 16 at 14.

Declaratory relief is available only for a justiciable controversy. *See* 28 U.S.C. § 2201(a); *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 239–41 (1937). In deciding whether to issue a declaratory judgment, courts ask whether doing so will "effectively solve the problem, whether it will serve a useful purpose, and whether or not the other remedy is more effective or efficient." *Wyman v. U.S. Surgical Corp*., No. 1:18-cv-00095, 2019 WL 1090763, at *5 (D. Me. Mar. 6, 2019) (quoting 10B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2758 (2016 ed.)). Because Ms. Estrella's underlying claims regarding unlicensed lending and TILA violations are currently insufficient, she has not yet established a justiciable basis for this relief. Therefore, the Court **GRANTS** Ms. Estrella leave to amend to cure this deficiency

---

[5] Ms. Estrella also sought injunctive relief; however, the Court has already addressed and denied her TRO request, ECF No. 17, as well as her motion for reconsideration of that denial, ECF No. 19, and need not revisit them here.

and **DENIES WITHOUT PREJUDICE** Defendants' motion to dismiss her request for declaratory relief.

### 8.    *Fraudulent Transfer (Count VII)*

Ms. Estrella claims the Property's foreclosure was "orchestrated" to unfairly benefit the Defendants, ECF No. 1 at 16–17, and she appears to invoke Maine's Uniform Fraudulent Transfer Act ("MUFTA"), 14 M.R.S. § 3571, *et seq.*, as the basis for this claim. However, MUFTA applies to fraudulent transfers by a debtor, not a creditor. *See* 14 M.R.S. § 3575(1) (stating that a "transfer made or obligation incurred by a debtor is fraudulent as to a creditor . . . if the debtor made the transfer or incurred the obligation . . . [w]ith actual intent to hinder, delay or defraud any creditor of the debtor," among other considerations). As the person who is liable on the claim, Ms. Estrella is the debtor, *see id.* § 3572(6); she cannot use MUFTA to challenge the actions of the creditor. As such, the Court **GRANTS** the Defendants' motion to dismiss Count VII without leave to amend.

### 9.    *Fair Debt Collection Practices Act (Count IX)*

Ms. Estrella's allegations under the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, fare no better. *See* ECF No. 1 at 18. To prevail on an FDCPA claim a plaintiff must allege: (1) the debt arose from a consumer transaction; (2) the defendant is a "debt collector" within the meaning of the statute; and (3) the defendant engaged in a prohibited act or omission under the FDCPA. *Poulin v. The Thomas Agency*, 760 F. Supp. 2d 151, 158 (D. Me. 2011). Ms. Estrella fails to allege the debt she undertook as an LLC qualifies as a consumer transaction under the statute. Accordingly, the Court **GRANTS** Ms. Estrella leave to amend her FDCPA claim to sufficiently allege a consumer debt. As such, the Defendants' motion to dismiss Count IX is **DENIED WITHOUT PREJUDICE**.

>    10.    *Constructive Trust and Equitable Relief (Count X)*

Finally, Ms. Estrella asks the Court to impose a constructive trust on the Property. ECF No. 1 at 18–19. Defendants move to dismiss this count, contending Ms. Estrella fails to adequately plead fraud or a fiduciary relationship. ECF No. 16 at 17. A constructive trust may be imposed only for fraud, duress, undue influence, or breach of fiduciary duty. *Est. of Campbell*, 1997 ME 212, ¶ 5, 704 A.2d 329, 330–31. Intent to deceive is not required. *Id*. Because Ms. Estrella has not "alleged duress or undue influence, the only issue in the present case is whether the facts support a finding of fraud—either actual or constructive—or breach of a fiduciary relationship." *Gaulin v. Jones*, 481 A.2d 166, 168 (Me. 1984). As earlier discussed, Ms. Estrella has not plausibly pleaded fraud. Similarly, the complaint alleges no facts establishing a fiduciary relationship or breach of fiduciary duty. *See Darling v. Indymac Bancorp, Inc.*, No. CIV. 6-123, 2008 WL 3539518, at *9 (D. Me. Aug. 12, 2008), *aff'd sub nom. Darling v. W. Thrift & Loan*, 600 F. Supp. 2d 189 (D. Me. 2009) (stating a fiduciary duty requires "evidence that one party placed its trust and confidence in the other and that there was a great disparity of position and influence favoring the one in whom the trust was placed" and noting "the mere existence of . . . a mortgagor-mortgagee relationship will not establish the existence of a . . . fiduciary relationship"). The Court **GRANTS** Ms. Estrella leave to amend to allege legally sufficient grounds for imposing a constructive trust, and it **DENIES WITHOUT PREJUDICE** Defendants' motion to dismiss Count X.

## C. Rule 12(b)(7)

Defendants also move to dismiss under Rule 12(b)(7) for failure to join a required party under Rule 19. ECF No. 16 at 19–20. They assert Ms. Estrella failed to join 1 Bayview LLC as an indispensable party. *Id*. at 19. Defendants contend because 1 Bayview LLC—not

Ms. Estrella—is the record owner of the Property and the borrower under the loan documents, it is a required party under Rule 19(a). *Id.* at 19–20. Ms. Estrella asserts if 1 Bayview LLC is the proper plaintiff, then "the proper remedy is joinder, not dismissal." ECF No. 18 at 4.

Rule 19 requires joinder where an absentee is necessary to accord "complete relief among the existing parties" or where the absentee's interest in the action may be impaired or impeded by their absence. *Duncan v. O'Shea*, No. 2:17-cv-00497, 2019 WL 3778048, at *2 (D. Me. Aug. 12, 2019) (citing Fed. R. Civ. P. 19(a)). If a required party cannot be joined, the Court must determine under Rule 19(b) whether, "in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed R. Civ. P. 19(b).

Although Ms. Estrella was the sole member of 1 Bayview Lane LLC, and despite her allegations Defendants coerced her into transferring the Property's title to an LLC to obtain commercial financing, 1 Bayview Lane LLC held record title to the Property and is the borrower under the loan documents. *See* ECF Nos. 16-1, 16-2. As such, the Court cannot afford complete relief without 1 Bayview LLC, and its absence may impair or impede the entity's ability to protect its interest in the Property. *See* Fed. R. Civ. P. 19(a); *Jay v. Bean*, No. 24-cv-11937, 2025 WL 318293, at *3 (D. Mass. Jan. 28, 2025) ("[It] is 'well-settled' that a party to a contract which is the subject of the litigation is a necessary party." (internal citation omitted)). Furthermore, Ms. Estrella's individual standing is in doubt. Generally, a member of an LLC lacks standing in her individual capacity to prosecute claims for injury to the LLC's property. *See, e.g.*, *Sinclair v. Fox Hollow of Turlock Owners Ass'n*, No. 1:03-cv-05439, 2011 WL 2433289, at *4 (E.D. Cal. June 13, 2011) ("Members of an LLC do not have an ownership interest in property to which the

LLC holds title. Where the gravamen of a complaint is injury to an LLC's property, the right of action lies with the LLC, not individual members of the LLC. Members of an LLC lack individual standing to prosecute claims for injury to the LLC's property." (internal citations omitted)). Even so, "Rule 15's liberal amendment policy, together with the policy disfavoring dismissals for nonjoinder, point to the conclusion that leave to amend should be granted here." *Duncan v. O'Shea*, No. 2:17-cv-00497, 2019 WL 1320043, at *5 (D. Me. Mar. 22, 2019). Accordingly, the Court **GRANTS** Ms. Estrella leave to amend to cure this deficiency and to allege facts establishing a personal, non-derivative injury. As such, the Court **DENIES WITHOUT PREJUDICE** Defendants' request for dismissal based on Ms. Estrella's failure to join 1 Bayview LLC as a plaintiff.

## IV.    Conclusion

For the foregoing reasons, the Court **DENIES** Ms. Estrella's Motion for Reconsideration, ECF No. 19, and Motion for Judicial Grace and Procedural Leniency, ECF No. 20.

Defendants' Motion to Dismiss is **GRANTED IN PART**. ECF No. 15. Specifically, the Count I claim for rescission is **DISMISSED WITHOUT LEAVE TO AMEND**; the motion to dismiss the Count I claim for damages is **DENIED WITHOUT PREJUDICE**, and Ms. Estrella is **GRANTED LEAVE TO AMEND**. The Count II claim under the SAFE Act is **DISMISSED WITHOUT LEAVE TO AMEND**; the motion to dismiss the Count II claim for violations of 9-A M.R.S. § 2-301 is **DENIED WITHOUT PREJUDICE**, and Ms. Estrella is **GRANTED LEAVE TO AMEND**. The motion to dismiss is **DENIED WITHOUT PREJUDICE** as to Counts III, IV, V, VI, VIII, IX, and X; and Ms. Estrella is **GRANTED LEAVE TO AMEND** these counts. Count VII is **DISMISSED WITHOUT LEAVE TO AMEND**. The Court **RESERVES RULING** on

whether Mr. Floros is a proper party to the litigation. Finally, the Court **GRANTS** Ms. Estrella leave to amend to join 1 Bayview LLC as a plaintiff.

Plaintiff shall have twenty-one (21) days from the date of this Order to file an amended complaint that cures the deficiencies identified in this Order. The amended complaint must comply with the Federal Rules of Civil Procedure by presenting each claim separately, clearly, and concisely and alleging sufficient non-conclusory facts supporting each cause of action. The amended complaint must also identify the specific actions of each Defendant that purportedly violated Plaintiff's legal rights and address the joinder of all required parties. The Court cautions Plaintiff that failure to comply with this Order may result in dismissal of this action.

SO ORDERED.

Dated this 19th day of February, 2026.

/s/ Stacey D. Neumann
UNITED STATES DISTRICT JUDGE